## Case No. 4,769.

FIELD v. LOWNSDALE et al.

[Deady, 288.] [1]

Circuit Court, D. Oregon. Sept. 18, 1867.

W. W. Chapman, for complainant.

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

W. W. Page and W. Lair Hill, for defendants.

DEADY, District Judge. This suit was commenced in the circuit court of the state for the county of Multnomah, on April 8, 1867. On May 23, 1867, the circuit court of the state made an order transferring the cause to this court. In pursuance of this order, copies of the complaint, process and order were filed in this court on August 30, 1867.

The order of removal recites, that it was made on the petition of the defendants, James P. O. Lownsdale, William E. Cooper, Mary E. Cooper, Millard O. Lownsdale, by his guardian, J. P. O. Lownsdale, Ruth A. Lownsdale, by her guardian John A. Blanchard, and Ida Squires, and that it appears from the petition that the plaintiff is a citizen of Oregon, and that Ida Squires is a citizen and resident of the state of Kentucky. At the date of the order of removal, it does not appear that the other defendants, namely, Robert [John R.] Lamb and Emma his wife, and William and Isabella Ellen Potter had been served with process or appeared in the suit. The order of removal is in terms unqualified, and removes the whole cause.

On September 9, 1867, the plaintiff filed a motion in this court, praying that the cause be remanded to the state court, for the reasons following: 1. It does not appear that this court has jurisdiction by removal. 2. The defendants were not all in court when the petition for removal was presented. 3. A part of the suit is yet pending in the said state courts. 4. The grounds of removal are insufficient.

The order of removal made in the state court is not conclusive upon the question of jurisdiction in the federal court. Notwithstanding this removal, this court must determine for itself whether it can take jurisdiction of the cause. This proposition has, I believe, never been disputed, and is expressly affirmed in New Jersey v. Babcock [Case No. 10,163]; Ward v. Arredondo [Id. 17,148]; Illius v. New York & N. H. Ry. Co., 3 Kern. [13 N. Y.] 598. The first and fourth grounds of the motion to remand are general and may be passed over for the present.

The second ground is not maintainable. The application to remove need not be made at the same time by all of the defendants. If the defendants in court were required to delay the motion for removal until all the defendants appeared or were brought into court, the result might be that the time for making the motion would pass by, and the right to a removal be lost. Ward v. Arredondo [supra].

The third ground of the motion assumes that the cause as to all of the defendants must be removed at once. But by the authority just referred to, it appears that the law has been held otherwise. Besides, as a matter of fact, the order of removal purports to transfer the whole cause to this court. I suppose that counsel for the plaintiff mean to insist, as a matter of law, that the cause is still in the state court as to the defendants—the Lambs and Potters. As to these defendants the cause is not in this court. They are not included in the order of removal, and the fair presumption from the whole record is, that they were not before the state court, when the order was made. They cannot enter an original appearance in this court, but only in the state court. They can only come into this court in pursuance of an order of the state court where the suit was commenced.

But it may be that the state court did not deem it necessary to a determination of this cause, that these absent defendants should be brought before it; and in this view of the matter, in making the order of removal, it may have regarded them as if they had not been named in the complaint. Or, it may have appeared to the court that it was by the plaintiff's neglect or contrivance that these defendants were not brought before it, or that they, or some of them, were fictitious persons or dead, and that, therefore, the defendants in court should not on that account be delayed in or denied their application for removal. I do not deem it necessary to decide this question absolutely, and only make these suggestions to prevent the contrary from being taken for granted if the question should arise in this court hereafter.

As the law stood up to the passage of the act of July 27, 1866 (14 Stat. 306), the removal of a cause from the state court to the national court, was governed by section 12 of the judiciary act. 1 Stat. 79. The uniform—though not the most obvious—construction of that act has been that all the defendants must be entitled to have the cause removed. In other words, all the defendants, either as being aliens or citizens of another state, must be entitled to sue in the national courts. Smith v. Rines [Case No. 13,100]; New Jersey v. Babcock [supra]; Ward v. Arredondo [supra]; Wilson v. Blodget [Case No. 17,792]. The only exceptions to this construction were the instances in which the defendants, who were residents and citizens of the state, were merely nominal or technical parties, without a beneficial interest in the controversy. Wormley v. Wormley, 8 Wheat. [21 U. S.] 451.

Taking section 12 of the judiciary act, with its received construction as the rule regulating removals, and this motion to remand would have to be allowed. Of all the defendants who appeared at the state court and joined in the petition for removal, only one of them—Ida Squires—appears to be a citizen of another state than Oregon. When the jurisdiction of this court depends upon

the character of the parties; it must appear affirmatively and cannot be presumed. For the purposes of this question of jurisdiction, the defendants before this court. except Ida Squires, must be considered as not being entitled to sue in this court, and therefore not entitled to remove a cause there from the state court.

By the act of July 27, 1866 (14 Stat. 306), it is provided that when a suit is commenced "in a state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, * * * and if the suit so far as relates to the alien defendant or to the defendant who is a citizen of a state other than that in which the suit is brought, is or has been instituted for the purpose of restraining or enjoining him, or if the suit is one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause, then in every such case the alien defendant or the defendant who is a citizen of the state other than that in which the suit is brought, may at any time before the trial or final hearing of the cause, file a petition for the removal of the cause as against him, into the next circuit court of the United States to be held in the district where the suit is pending, * * * and it shall be thereupon the duty of the state court to accept the surety and proceed no further in the cause as against the defendant so applying for its removal. * * * And such removal of the cause, as against the defendant petitioning therefor, into the United States court, shall not be deemed to prejudice or take away the right of the plaintiff to proceed at the same time with the suit in the state court as against the other defendants, if he shall desire to do so."

This act in a measure obviates the difficulty, not to say hardship, which arose from the early construction given to section 12 of the judiciary act. By the constitution of the United States, and even the letter of that act. a certain class of defendants—aliens and citizens of other states—when sued in a state court are entitled to have the cause removed into the proper national court. Yet by this construction they were debarred of this right if they were joined with a codefendant who was not so entitled.

Still, as to all these defendants, except Ida Squires, this cause must be remanded to the state court. As between them and the plaintiff, it is simply a controversy between citizens of the same state, who are supposed to have the same standing in the local forum, and with regard to whom the law presumes there exists neither prejudice nor favor on account of nationality or residence. The judicial power of the United States, so far as it depends upon the character of the parties, does not extend to a controversy between citizens of the same state. And although there are many reasons why it should be held to extend to the whole of a controversy, where some only of the defendants are aliens or citizens of another state—as in this case—at present, it is sufficient to say, that. congress has not seen proper to provide for its exercise to that extent.

The only remaining question is, has this court jurisdiction of this cause as to the. defendant Ida Squires? To answer this question it is necessary to consider the nature of the suit and the relation of Ida Squires to the subject of it and the parties thereto. From the complaint, it appears that the ancestor of Ida Squires conveyed block G, in the town of Portland, to W. W. Chapman, and that the plaintiff is in the possession and claims title by a regular chain of conveyances from Chapman to the north half of said block. The conveyance to Chapman is dated June 25, 1850. The complaint further alleges that the defendants, inclusive of Ida Squires, "are setting up some claim to the premises, tending to cast a cloud over the plaintiff's title," and therefore prays a decree against all the defendants, that they "be barred of setting up any claim or demand" to the premises in question. This is the subject of the suit—the title to the north half of block G, and the object of it is to quiet the title of the plaintiff thereto. If the defendants have any interest at law or in equity in the premises they must claim as the heirs of their ancestor, or the donees of the United States. In that case they must claim as tenants in common. If so, the interest of each in the land would be distinct from that of the other, and the suit might be separate as to each of them, either to quiet the title of the plaintiff or by the defendants for the purpose of recovering their supposed interest in the land. This being so, there can be no doubt but that the case falls exactly within the provision of the act of July 27, 1866—"The suit is one in which there can be a final determination of the controversy so far as it concerns Ida Squires, without the presence of the other defendants as parties in the cause."

An order will be entered remanding the cause as to all the defendants named in the order of removal except Ida Squires, and as to her the motion to remand is denied. This order is to be understood as in no way affecting the cause as to the defendants—the Lambs and Potters—who appear not to have been before the state court, when the order of removal was made. If they, or either of them, should hereafter appear or be brought into the state court, and that court should deem it proper to order a removal of the cause, as to them, the question of jurisdiction, as to such defendants, can then be considered in this court.